UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LOURDES FONSECA, :
:
                            Petitioner, : 12 Civ. 5527 (PAE) (JCF)
:
           -v- : ORDER ADOPTING
: REPORT &
CAROLYN W. COLVIN, *Acting Commissioner of Social* : RECOMMENDATION
*Security*, :
:
                            Respondent. :
:
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Lourdes Fonseca ("Fonseca") brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") benefits. On May 15, 2013, defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On July 23, 2013, Fonseca cross-moved for judgment on the pleadings. Before the Court is the September 4, 2013 Report and Recommendation of Magistrate Judge James C. Francis IV ("Report"), recommending that the Court grant the Commissioner's motion and deny plaintiff's motion. For the reasons that follow, the Court adopts the Report in full.

1

**I.     Background**[1]

On May 17, 1993, Fonseca filed an application for SSI benefits, which was denied. Fonseca timely requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On March 10, 1994, the ALJ conducted a hearing. On April 4, 1994, the ALJ issued a decision finding that Fonseca was not disabled and thus not entitled to benefits. On August 5, 1994, the Appeals Council denied Fonseca's request for review.

Fonseca then commenced an action in this Court. *See Fonseca v. Comm'r of Soc. Sec.*, No. 94 Civ. 6901 (S.D.N.Y.). By stipulation and order entered on February 7, 1996, the Court remanded the case to the Commissioner for further administrative proceedings. On remand, the ALJ considered the case *de novo*, and, on February 13, 1997, issued a decision finding that Fonseca was not disabled and thus not entitled to benefits. On May 31, 1997, the Appeals Council denied Fonseca's request for review as untimely.

On May 25, 2010, the Commissioner filed a supplemental certified administrative record. *See Fonseca*, No. 94 Civ. 6901 (Dkt. 18). By stipulation and order dated July 13, 2010, the Court again remanded the case to the Commissioner for further administrative proceedings. *Id.* (Dkt. 20).

On July 25, 2011, a hearing was held before the ALJ. On August 25, 2011, the ALJ issued a decision finding that Fonseca was not disabled during the relevant time period and denying her benefits. On June 25, 2012, the Appeals Council declined to review the ALJ's decision.

Fonseca then commenced the present action. On July 17, 2012, Fonseca, proceeding *pro se*, filed the Complaint. Dkt. 2. On August 14, 2012, the Court referred the case to Magistrate

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which Fonseca does not object.

2

Judge Francis.  Dkt. 6.  On January 8, 2013, the Commissioner answered.  Dkt. 11.  On May 15, 2013, the Commissioner filed a motion for judgment on the pleadings, Dkt. 17, and a supporting memorandum of law, Dkt. 18.  On June 22, 2012, Fonseca, now represented by counsel, filed a cross-motion for judgment on the pleadings, Dkt. 21, and a supporting memorandum of law, Dkt. 22 ("Fonseca Br.").  On August 5, 2013, the Commissioner filed a reply brief.  Dkt. 24.

On September 4, 2013, Judge Francis issued the Report.  Dkt. 25.  On September 25, 2013, Fonseca filed objections to the Report.  Dkt. 31 ("Fonseca Obj.").  On November 26, 2013, the Commissioner filed a response to Fonseca's objections. Dkt. 35.

## II.     Discussion

### A.     Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error.  *See Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) (collecting cases).

### B.     Objections to the Report

Fonseca raises three objections to the Report.  None requires *de novo* review.

Fonseca's first objection concerns an October 30, 1995 psychiatric report ("October 1995 report") prepared by Rita Gazarik, Fonseca's social worker, and co-signed by Fonseca's treating

psychiatrist, Dr. Bruce Beeferman.  *See* Fosneca Obj. at 4−12.  The ALJ considered the October 1995 report in reaching his conclusion that Fonseca was not disabled, but mistakenly attributed it to Gazarik alone.  Fonseca claims that, because of this misattribution, the ALJ did not grant to the October 1995 report the deference owed to the views of the treating physician,[2] and that "'[f]ailure to provide . . . 'good reasons' for not crediting the opinion of [a] treating physician is a ground for remand.'"  *Id.* at 9 (quoting *Burgess v. Astrue*, 537 F.3d 117, 129−130 (2d Cir. 2008)).  Fonseca in turn faults the Report, which affirmed the ALJ's no-disability finding, for "le[aving] undisturbed the ALJ's improper analysis and weighing of the [October 1995] report and other evidence in the record."  *Id.* at 12.  Judge Francis, however, explicitly noted in the Report the fact of the misattribution, *see* Report at 24 n.14 ("The plaintiff correctly points out that the ALJ overlooked the fact that Dr. Beeferman cosigned the report prepared by Ms. Gazarik."), but found that the October 1995 report nonetheless supported the ALJ's ultimate conclusion that Fonseca was not disabled, *see id.* at 24 ("report cosigned by Dr. Beeferman and Ms. Gazarik indicates that while Ms. Fonseca had some limitations, . . . [she] had the ability to make occupational adjustments").  On this basis, Judge Francis concluded that the misattribution was not grounds for disturbing the ALJ's disability determination.  *See id.* at 25 (noting that "the [October 1995] report ultimately concluded that Ms. Fonseca had the ability to make occupational adjustments, indicating that she was not disabled").  Because this issue was raised

---

[2] Fonseca also alludes to an argument made before Judge Francis, *see* Fonseca Br. 20−23: that, because of the misattribution, the ALJ erroneously believed that the October 1995 report contradicted reports from Dr. Beeferman indicating that Fonseca was not disabled, and on that basis discounted the value of what the ALJ believed to be the opinion of Gazarik, who was not Fonseca's treating physician.  The Report implicitly rejected this argument for the same reason cited above, *i.e.*, that the October 1995 supports, rather than contradicts, the finding that Fonseca was not disabled.

4

before and considered by Judge Francis, the Report's findings are reviewed for clear error, *see Genao*, 2011 WL 924202, at *1.  The Court finds none.

Fonseca next objects to the ALJ's reliance on the testimony of medical experts—specifically, that of Dr. Plotz, who testified that there was no medical basis for a finding that Fonseca had exertional restrictions.  *See* Fonseca Obj. at 12−15.  Specifically, Fonseca argues that Dr. Plotz misstated portions of the record in his testimony, and that there was contrary evidence in the record that Fonseca *did* have a significant medical disorder; accordingly, Fonseca argues, the medical opinion offered by Dr. Plotz regarding Fonseca's medical condition should have been disregarded.  *Id.*  Fonseca failed to raise this argument before Judge Francis.  Thus, the Court declines to consider it here.  *See Grant v. Bradt*, No. 10 Civ. 394 (RJS), 2012 WL 3764548, at *4 (S.D.N.Y. Aug. 30, 2012) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge.") (internal quotation marks and citation omitted); *see also Greathouse v. JHS Sec. Inc.*, 11 Civ. 7845 (PAE), 2012 WL 5185591, at *6 (S.D.N.Y. Oct. 19, 2012) (same).

Fonseca's third objection reiterates an argument made to Judge Francis, *see* Fonseca Br. at 24−25: that the ALJ erred in failing to consider the report of treating psychiatrist Dr. Kristin Beizai, which Fonseca argues supported her disability claim, *see* Fonseca Obj. 16−19.  Judge Francis specifically addressed this argument in the Report, noting that Dr. Beizai did not begin treating Fonseca until two weeks after the period for which Fonseca claims entitlement to SSI benefits, and her report does not address Fonseca's medical condition during the relevant period.  *See* Report at 26−27.  Thus, the Report concluded, "[i]n light of substantial evidence supporting the conclusion that Ms. Fonseca was not disabled during the period in question and the fact that

this letter does not address her condition during that period, Dr. Beizai's letter does not undermine the Commissioner's conclusion." *Id.* at 27. The Court finds no error, let alone clear error, in this finding.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full. The Commissioner's motion for judgment on the pleadings is granted; Fonseca's cross-motion is denied. The Clerk is directed to terminate the motion pending at Dkt. 17 and to close the case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 28, 2014
       New York, New York

6